IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BOBBIE BLANCHARD,

Plaintiff,

v.

NORTH AMERICAN CREDIT
SERVICES,

Defendant.                                                    No. 15-1295-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  Introduction

Pending before the Court is defendant North American Credit Services' ("NACS") Motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 10). NACS contends that plaintiff Bobbie Blanchard ("Blanchard") has failed to state a cause of action in his complaint against NACS (Doc. 10). Blanchard opposes the motion (Doc. 13). For the reasons discussed below, the Court GRANTS the motion to dismiss.

### II.  Background

Plaintiff Bobbie Blanchard filed a Complaint in this Court on November 20, 2015, alleging that NACS violated the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. §§ 1692-1692p (Doc. 1). Although Blanchard asserts only one count in his Complaint, he appears to

allege three separate violations of the FDCPA: (1) a violation of § 1692e for stating "We want to offer you the chance to pay what you owe voluntarily...;" (2) an unspecified violation[1] for stating at the top of the correspondence "Do not send correspondence to this address" above the address PO Box 182221, Chattanooga, TN 37422, while stating at the bottom of the same page "Send correspondence to: NORTH AMERICAN CREDIT SERVICES, PO BOX 182221, CHATTANOOGA, TN 37422-7221;" and (3) an unspecified violation[2] for stating "If you have a dispute you may so state in the comments section of our web page or you may send your dispute to: NACS/Compliance/Audit Division, PO Box 22815, Chattanooga, TN 37422." (Doc. 1 ¶¶ 9–14). The complaint seeks actual damages, statutory damages, and attorney's fees and costs.

In response to this complaint, NACS filed the present motion to dismiss (Doc. 10) and memorandum in support (Doc. 11). NACS contends that Blanchard's Complaint fails to state a cause of action and therefore should be dismissed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12)(b)(6). Specifically, NACS argues that the first allegation described above fails because the statement is not false and moreover does not meet the materiality requirement under § 1692e; the second allegation fails because it does not allege that Blanchard was actually confused or that he attempted

---

[1] Since the parties discuss this allegation in the context of validation rights, the Court infers that the allegation refers to § 1692g.
[2] This allegation similarly appears to refer to § 1692g.

to contact NACS at the address and was refused;[3] and the third allegation fails because the FDCPA does not prohibit written communication sent via electronic media (Doc. 10, ¶¶ 2–4).

Blanchard opposes this motion to dismiss (Doc. 13). Blanchard argues that the first allegation states a claim because the statement is "essentially a threat of litigation, when in fact the defendant does not file suit" and therefore is a false statement made to induce payment from Blanchard (Doc. 13, ¶ 10). The second allegation, Blanchard argues, states a claim because "[i]f debt validation rights have any meaning at all, there must be a clear path to provide a written dispute to the creditor." (Doc. 13, ¶ 12). Finally, Blanchard contends that the third allegation states a claim because Blanchard "is unaware of any court decision that permitted anything other than a **written** dispute" and because there are no cases that have specifically stated that a debt validation dispute can be initiated via "comments" on the creditor's website (Doc. 13, ¶ 14).

### III.  Legal Standard

In reviewing a defendant's motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). A 12(b)(6) motion

---

[3] NACS' Motion also references an allegation about "three debts in one notice to the same creditor." (Doc. 10, ¶ 3). As this allegation does not appear anywhere in the complaint the Court will not consider it.

should be granted when there is no possible relief for the plaintiff "under any set of facts that could be proved consistent with the allegations." *Id.*

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. 1692(e). To that end, the FDCPA creates a civil cause of action against "any debt collector who fails to comply with any provision" of the Act. *Id.* § 1692k(a). As relevant to this case, the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. It also requires debt collectors to notify persons from whom they are attempting to collect a debt that they can dispute the validity of the debt as long as they do so within thirty days after receiving the notice. *Id.* § 1692g(a)(3). The debt collector's communications during that thirty-day period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." *Id.* § 1692g(b).

When reviewing an FDCPA claim, the court should "view the claim through the eyes of an 'unsophisticated debtor.'" *McMillan*, 455 F.3d 754 at 758. "The letter must be clear and comprehensible to an individual who is 'uninformed, naïve, [and] trusting'" but who has "rudimentary knowledge about the financial world" and is "capable of making basic deductions and inferences." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012) (quoting *Veach v. Sheeks*, 316 F.3d 690, 693 (7th Cir. 2003)). A debt collector only violates §§ 1692e or 1692g if a "significant

fraction of the population" would find the letter confusing. *Zemeckis*, 679 at 635; *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012). The unsophisticated consumer test is "an objective one" such "that it is unimportant whether the individual that actually received a violative letter was misled or deceived." *Lox*, 689 F.3d at 826.

Because of the factual nature of these inquiries, "[i]n most instances" the plaintiff should "be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard." *McMillan*, 455 F.3d at 760. But the court can rule as a matter of law on "a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *Zemeckis*, 679 at 635.

### IV. Analysis

*A. The "Voluntarily" Allegation.*

Section 1692e "enumerates a non-exhaustive list of specific practices that are per se 'false or misleading.'" *McMillan*, 455 F.3d at 760. There are three categories of 1692e cases: (1) "cases in which the allegedly offensive language is plainly and clearly not misleading," such that no extrinsic evidence is needed; (2) cases where the language "is not misleading or confusing on its face, but has the potential to be misleading" and thus the "plaintiffs may prevail only by producing extrinsic evidence;" and (3) "cases involving letters that are plainly deceptive or misleading, and therefore do not require any extrinsic evidence." *Lox*, 689 F.3d at 822. The false or

misleading statement must also be "material" in order to be actionable, "meaning that it has the ability to influence a consumer's decision." *Id.* at 826 (internal quotation marks omitted).

The Court finds that the statement at issue here, "We want to offer you the chance to pay what you owe voluntarily…," falls into the first category of § 1692e cases that are plainly and clearly not misleading. First, the Court does not conclude that a "significant fraction of the population," *Zemeckis*, 679 F.3d at 635, would believe that this statement was a "threat of litigation" as Blanchard contends in his response. (Doc. 13, ¶ 10); *see Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1062 (7th Cir. 2000) ("[The court] will not ascribe to the hypothetical unsophisticated debtor all of the irrational notions which FDCPA plaintiffs might suggest.").

Second, even if this does amount to a "threat of litigation," such a threat is within a debt collector's rights if the debt collector actually intends to sue. 15 U.S.C. § 1692e(5); *Zemeckis*, 679 F.3d at 636–37. There is no requirement that a debt collector file suit at the same time as it sends the consumer a dunning letter; rather "[t]he debt collector is perfectly free to sue within thirty days; he just must cease his efforts at collection during the interval between being asked for verification of the debt and mailing the verification to the debtor." *Bartlett v. Heibl*, 128 F.3d 497, 501 (7th Cir. 1997). And there is no allegation in the complaint that NACS could not sue

or does not intend to sue to collect this debt. Thus there is nothing false or misleading about NACS offering an opportunity to pay "voluntarily."

NACS' points the Court to an unpublished Seventh Circuit opinion factually analogous to the statement at issue here. *Combs. v. Direct Mktg. Credit Servs., Inc.*, 165 F.3d 31 (7th Cir. 1998) (unpublished order).[4] In *Combs*, the debt collector sent a notice that stated "[t]his is your opportunity to resolve this matter amicably" and "[w]e advise you to consult with your attorney regarding your liability." *Id.* Plaintiff sued, alleging a violation of § 1692e. *Id.* The court explained that "for a collection notice impermissibly to threaten legal action, it must falsely communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Id.* (internal quotation marks omitted). The court found that the statements in question "did not imply that litigation has been, or will be, initiated." *Id.* Similarly here, offering a consumer "the chance to pay what you owe voluntarily" at most communicates that a lawsuit is "merely a possibility," and certainly does not imply any legal proceedings have been or will be initiated.

Moreover, Blanchard's complaint does not explain or even mention how the statement "We want to offer you the chance to pay what you owe

---

[4] Blanchard's counsel makes no attempt to address this case in his opposing motion. The Seventh Circuit has explained that in response to "apparently dispositive precedent," counsel "may urge its overruling or distinguishing or reserve a challenge to it for a petition for certiorari but may not simply ignore it." *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011). Although the *Combs* case is unpublished, the Court cautions Blanchard's counsel against ignoring adverse analogous case law.

voluntarily," even if false, would be "material" as required by the Seventh Circuit. *See Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009); *Lox*, 689 F.3d at 826 (in order to be material, the false statement must have the ability to influence a consumer's decision). The Court does not find that an unsophisticated consumer would decide not to dispute a debt merely because the creditor offered them a chance to pay "voluntarily." NACS' statement is at most "puffing," which is allowed under the FDCPA since "it is perfectly obvious to even the dimmest debtor that the debt collector would very much like him to pay the amount demanded straight off, sparing the debt collector any further expense." *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575–76 (7th Cir. 2004). The Court concludes that Blanchard's allegation here does not present a materially false or misleading statement that would state a claim under § 1692e.

   B. *The "Address" Allegation.*

   Blanchard's second allegation is that the inconsistency about whether to send correspondence to address on the front side of the notice is confusing and overshadows the validation notice. As mentioned above, the Court infers that Blanchard is asserting a violation of § 1692g. In order to state a claim for such a violation, "a significant fraction of the population must find the letter confusing," *Zemeckis*, 679 at 635, in a way that overshadows or is "inconsistent with the letter's disclosure of the consumer's right to dispute the debt." 15 U.S.C. § 1692g(b).

The Court finds that a letter that says in one place "do not send correspondence" to a particular address and in another "send correspondence" to that same address is indeed confusing. But the Court does not agree with Blanchard (who cites no supporting case law in his Complaint or opposing response) that this confusion rises to a violation of § 1692g(b).

The dunning letter here presents a "clear path to provide a written dispute," contrary to Blanchard's assertion (Doc. 13, ¶ 12). The front of the dunning letter contains language that nearly mirrors § 1692g(a): "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid." (Doc. 1 Ex. A). And the back of the letter directs the reader that "If you have a dispute you may so state in the comments section of our web page or you may send your dispute to: NACS/Compliance/Audit Division, PO Box 22815, Chattanooga, TN 37422." (Doc. 1 Ex. B). Directly below that the notice provides, in bolded text: "**\*\* If you desire to send written dispute, send to the address above \*\***." (*Id.*). This address is different than the one on the front with the conflicting messages about sending correspondence. (Doc. 1 Ex. A). Thus the Court finds that confusion over the front address does not "cloud" the letter such that an unsophisticated customer would not understand that he or she had a right to dispute the debt when the back of the notice clearly directs users

to send disputes to a different address. *See Zemeckis*, 679 F.3d at 637. Blanchard's allegation is "hypertechnical at best" and does not state a claim that NACS has violated § 1692g. *See Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009).

### C. The "Web Page" Allegation.

Blanchard's third allegation is that the statement "If you have a dispute you may so state in the comments section of our web page…" is confusing and overshadows the validation notice because it sets forth an improper procedure for disputing a debt. Again, the Complaint did not specify which provision of the FDCPA this violates, but the Court presumes that this also refers to § 1692g.

There is a circuit split regarding whether § 1692g requires the consumer to dispute a debt in writing.[5] The Seventh Circuit has not specifically addressed this issue, but "a number of district courts within the Seventh Circuit have held that § 1692g(a)(3) does not impose a writing requirement on a consumer when disputing the validity of a debt," based on the plain language of that subsection. *Campbell v. Hall*, 624 F. Supp. 2d 991, 1000 (N.D. Ind. 2009) (also citing Seventh Circuit district court cases

---

[5] *Compare Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013) (requiring a writing); *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) (same); *with Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 491 (4th Cir. 2014) (not requiring a writing); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) (same); *Camacho v. Bridgeport Fin., Inc., 430 F.3d 1078, 1081* (9th Cir. 2005) (same), *vacated on other grounds*, 523 F.3d 973 (9th Cir. 2008). *See generally* Daniel O'Connell, Comment, *Confounded Collectors, Confused Consumers: Time to Close the Circuit Split on Whether the Fair Debt Collection Practices Act Requires A Consumer to Dispute A Debt in Writing*, 64 CATH. U. L. REV. 1075, 1098 (2015).

that found a writing is required). Blanchard, through his counsel, argues that he is "unaware of any court decision that permitted anything other than a **written** dispute." (Doc. 13, ¶ 14). The Court cautions counsel against making such daring declarations when there is contrary case law in other circuit courts and in district courts in this circuit. Moreover, NACS cites one of these cases in its memorandum, so at the very least counsel for Blanchard should not have been "unaware" of this court decision. (Doc. 11, p. 8) (citing *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013)).

Although there is a circuit split as to whether § 1692g(a)(3) should require a "writing," there is no question that electronic communications can qualify as "writings." BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "writing" as including "hard-copy documents, electronic documents on computer media, audio and videotapes, e-mails, and any other media on which words can be recorded."); *see also Williams v. Taylor*, 529 U.S. 420, 431, 120 S. Ct. 1479, 1488, 146 L. Ed. 2d 435 (2000) (explaining that courts are to give statutory words their "ordinary, contemporary, common meaning"); *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 295 (7th Cir. 2002) (holding that e-mails can satisfy the writing requirement of the statute of frauds). Therefore, Blanchard has failed to state a claim that NACS violated § 1692g by allowing debtors to dispute debts via its web page.

## V. Conclusion

Accordingly, as none of the allegations contained in Blanchard's complaint state a claim upon which relief can be granted, the Court **GRANTS** NACS' motion to dismiss pursuant to Rule 12(b)(6) (Doc. 10). The Court **DISMISSES without prejudice** Blanchard's complaint. The Court **ALLOWS** Blanchard up to and including May 11, 2016 to file an amended complaint that comports with this Order and the Local Rules. If Blanchard does not file an amended complaint by May 11, 2016, the dismissal without prejudice will ripen into a dismissal with prejudice and the Court will enter judgment.

**IT IS SO ORDERED.**

Signed this 11th day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.11 12:31:52 -05'00'

**United States District Judge**